IN THE CHANCERY COURT OF LAMAR COUNTY, MISSISSIPPI

CARL L. NICHOLSON, JR.                                  PLAINTIFF

V.                                              CIVIL ACTION NO. 2016-CV-0445-S

THOMAS E. GARMON, JR., INDIVIDUALLY,
THOMAS E. GARMON, JR. D/B/A "HATTIESBURG PATRIOT,"
LAMAR COUNTY SHERIFF'S DEPARTMENT
LAMAR COUNTY, MISSISSIPPI AND
JOHN DOES 1-10

**FILED LAMAR COUNTY SEP 28 2016**

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, Carl L. Nicholson, Jr., and files this, his Complaint for Temporary Restraining Order and Injunctive Relief, pursuant to Miss. R. Civ. P. 65, and in support thereof, states as follows:

1. Plaintiff, Carl L. Nicholson, Jr., is an adult resident citizen of Forrest County, Mississippi.

2. Defendant, Thomas E. Garmon, Jr. and Thomas E. Garmon, Jr. d/b/a "Hattiesburg Patriot" is an adult resident citizen of Forrest County, Mississippi who operates various internet outlets under the pseudonym "Hattiesburg Patriot," and who may be served with process of this Court upon his person at his residence address of 504 6th Avenue, Hattiesburg, Mississippi 39401.

3. Defendant Lamar County, Mississippi, is law enforcement entity within the State of Mississippi and may be served with process of this Court upon Honorable Wayne Smith, Chancery Clerk, at 203 Main Street, Purvis, Mississippi 39475.

4. Defendant, Lamar County Sheriff's Department is a law enforcement agency within Lamar County, a political subdivision of the State of Mississippi, and may be served with process of this Court upon Sheriff Danny Rigel at 205 Main Street, Suite B, Purvis, Mississippi 39475.

**EXHIBIT A**

5.   Defendants John Does 1-10 are persons and/or entities that may be liable for all of the claims set forth herein, or should be restrained pursuant to the claims herein. Their identities are not yet known, but when discovered, they will be substituted herein.

6.   The Court has jurisdiction over the parties as they are either residents or political subdivision of the State of Mississippi. The Court has subject-matter jurisdiction as this is a suit seeking injunctive relief. Venue is proper as Defendant Lamar County, Mississippi, by virtue of the fact that it is a political subdivision of the State of Mississippi, binds the parties to venue in this county.

7.   A public record is defined as,

> all books, records, papers, accounts, letters, maps, photographs, films, cards, tapes, recordings or reproductions thereof, and any other documentary materials, regardless of physical form or characteristics, having been used, being in use, or prepared, possessed or obtained for use in the conduct, transaction or performance of any business, transaction, work, duty or function of any public body, required to be maintained by any public body. Miss Code Ann. § 25-61-3(b).

8.   An incident report is defined as,

> a narrative description, if such narrative description exists and if such narrative description does not contain investigative information, of an alleged defense, and at a minimum shall include the name and identification of each person charged with and arrested for the alleged defense, the time, date and location of the alleged events, and the property involved, to the extent this information is known. Miss Code Ann. § 25-61-3(e).

9.   An investigative report is defined as,

> records of a law enforcement agency containing information beyond the scope of the matters contained in an incident report, and generally will include, but not be limited to, the following matters if beyond the matter contained in an incident report:
>
> > (i) Records that are compiled in the process of detecting and investigating any unlawful activity, the disclosure of which would harm the investigation which may include crime scene reports and demonstrative evidence;
> >
> > (iii) Records that would prematurely release information that would impede the public body's enforcement, investigative or detection efforts;

> (v) Records that would deprive a person of a right to a fair trial or an impartial adjudication;
>
> (viii) Records that would impede or jeopardize a prosecutor's ability to prosecute the alleged offence. Miss Code Ann. § 25-61-3(f).

10. "'Law enforcement agency' means a public body that performs as one (1) of its principal functions activities pertaining to the enforcement of criminal laws, the apprehension and investigation of criminal offenders, or the investigation of criminal activities." Miss Code Ann. § 25-61-3(g).

11. Miss. Code Ann. § 25-61-12(2)(a) states, "When in the possession of a law enforcement agency, investigative reports shall be exempt from the provisions of this chapter; however, a law enforcement agency, in its discretion, may choose to make public all or any part of any investigative report."

12. On or about September 27, 2016, Defendants Thomas E. Garmon, Jr. and/or Thomas E. Garmon, Jr. d/b/a "Hattiesburg Patriot" threatened to release to the public information obtained from Lamar County, Mississippi, and particularly, the Lamar County Jail and Lamar County Sheriff's Department, regarding Plaintiff. On information and belief, this includes video recordings, audio recordings, and other documentation and information regarding an incident that occurred at the Lamar County Jail on October 4, 2015. Said Defendant has already released one (1) photograph of the Plaintiff from the Lamar County Jail. (A copy of which will be presented at hearing but not entered into evidence.)

13. On information and belief, the documents, video recordings, audio recordings, and other information that have been released from the Lamar County Jail and Lamar County Sheriff's Department to Thomas E. Garmon, Jr. and/or Thomas E. Garmon, Jr. d/b/a "Hattiesburg Patriot" are not "public records." Particularly, any and all photographs, videos or

internal reports of the Lamar County Jail and the Lamar County Sheriff's Department are not subject to disclosure under the public records law. The definition of public records does not embody any of those documents and none of them are necessary to conduct, transact or perform any business, transaction, work, duty or function of Lamar County, Mississippi, the Lamar Sherriff's Department of the Lamar County Jail.

14. Furthermore, the Plaintiff may or may not appeal a disorderly conduct conviction (guilty plea) that was entered in the Justice Court of Lamar County, Mississippi on September 14, 2016. Any and all records from the Lamar County Sheriff's Department regarding the Plaintiff, including any incident reports, investigative reports, video recordings, audio records and any and all of the photographs, documents or records are investigative reports and subject to the criminal process in this matter. Their disclosure and publication harms the investigation, impedes the Lamar County Sheriff's Department and the Lamar County Prosecutor from investigating and prosecuting this matter in a fair manner, and disrupts and harms the ability of Plaintiffs' defense counsel to defend him.

15. Releasing this information into the public realm also impedes any Court, criminal or civil, particularly in this case, the County Court of Lamar County, Mississippi, from having a fair trial, as the release of this information could improperly, and unfairly, skew the scales of justice against the Plaintiff.

16. What is clear throughout all of this is that the release of this information, specifically the information beyond that which might be a public record, was to embarrass and harass the Plaintiff, who is not a public servant, and it serves no other purpose. It is also a clear civil rights violation under 42 U.S.C. §1983, as the depiction of incarcerated persons in a jail being published without their consent or knowledge, and without any public purpose, is, among other civil rights violations, cruel and unusual punishment, and meant only to cause a loss of

standing in the community of the Plaintiff, with other effects being a loss of business. This is intentional infliction of emotional distress, intentional interference with business relations, and a whole host of other causes of action, in their rawest forms.

17. To allow the release and publication of this information would obviously immediately and irreparably harm the Plaintiff and serve no journalistic, informational or governmental purpose.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court hear this matter immediately and issue a temporary restraining order, with or without notice,

(1) prohibiting the publishing of any of the information, documents, photographs video recordings, audio recordings, or any and all other information in the possession of Defendants Thomas E. Garmon, Jr. and/or Thomas E. Garmon, Jr. d/b/a "Hattiesburg Patriot," with regard to the Plaintiff and received from any other Defendant or anyone else, until further order of this Court, as well as prohibiting the disclosure of such information to anyone else, retrieving any such information if it has already been disclosed, removing any already published documents from publication, and delivering the original, and all reproductions and copies made, of any such materials to the Court to be kept under seal; and

(2) prohibiting Defendant Lamar County, Mississippi and all its agencies, including, but not limited to, the Lamar County Sheriff's Department, the Lamar County Jail, the Lamar County Justice Court, the Lamar County Circuit Clerk's Office, and any and all other subdivisions of Lamar County, Mississippi from releasing or producing any documents, information, video recording, photographs, audio recording and any and all information it has with regard to Plaintiff, to anyone until further order of this Court.

FURTHER, PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court issue any and all other general relief pled at any hearing of this matter and to which he may be entitled and set a hearing date in this matter in order that a preliminary injunction be issued.

RESPECTFULLY SUBMITTED, this the ___ day of September, 2016.

By: _____
CARL L. NICHOLSON, JR.,
PLAINTIFF

OF COUNSEL:

_____
Seth M. Hunter (MSB# 101145)
Dukes Dukes & Hunter
P.O. Box 2055
Hattiesburg, MS 39403
Tel: (601) 544-4121
Fax: (601) 544-4425
E-Mail: shunter@jdukeslaw.com
ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI
COUNTY OF FORREST

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for said County and State, the within named CARL L. NICHOLSON, JR., who being by me first duly sworn according to law states upon oath that the matters and things contained in the above and foregoing Complaint for Temporary Restraining Order and Injunctive Relief are true and correct as therein stated.

WITNESS MY SIGNATURE on this the 28th day of September, 2016.

_____
CARL L. NICHOLSON, JR.

SWORN TO AND SUBSCRIBED before me on this the 28th day of September, 2016.

_____
NOTARY PUBLIC

My Commission Expires:
_____

Case 2:16-cv-00445-S Document #: 2 Filed: 09/28/2016 Page 6 of 7

## ATTORNEY'S CERTIFICATE

The undersigned attorney for the Plaintiff hereby certifies he attempted to give notice of this filing seeking a temporary restraining order and/or seeking preliminary injunction upon all parties opposite by the means indicated below, and will, before being heard on a preliminary injunction, serve same and any order issued from this Court upon them by means specified in the Mississippi Rules of Civil Procedure, and, regardless of notice having been given, if the Court does not issue a temporary restraining order immediately, that the Plaintiff will be irreparably damaged, will suffer a loss of standing in the community, a loss of business, and a clear civil rights violation.

Thomas E. Garmon, Jr., Individually and Thomas E. Garmon, Jr.
d/b/a "Hattiesburg Patriot"
Via E-Mail and/or Hand Delivery

Lamar County, Mississippi
Via Facsimile and/or Hand Delivery to the Hon. Wayne Smith, Chancery Clerk

Lamar County Sheriff's Department
Via Facsimile and/or Hand Delivery to Sheriff Danny Rigel

SO CERTIFIED on this, the 28th day of September, 2016.

_____
SETH M. HUNTER (MSB# 101145)

STATE OF MISSISSIPPI
COUNTY OF FORREST

PERSONALLY appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named SETH M. HUNTER who after being by me first duly and properly sworn, states on this oath that the matters, things, and allegations set forth in the above and foregoing Attorney's Certificate are true and correct as therein stated.

WITNESS MY SIGNATURE on this the 28th day of September, 2016.

_____
SETH M. HUNTER (MSB# 101145)

SWORN TO AND SUBSCRIBED before me on this the 28th day of September, 2016.

Ashleigh Bryant
NOTARY PUBLIC

My Commission Expires:

[Notary Seal: ASHLEIGH BRYANT, ID # 117197, Commission Expires July 28, 2020]